# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANNE R. GENTRY, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. 03-2415 (GK) |
| | : | |
| JAMES G. ROCHE, | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION

Plaintiff has filed a Motion for Attorney's Fees and Costs for her litigation of the underlying action, as well a Motion to Supplement Attorney's Fees to cover costs incurred preparing her response to Defendant's Opposition to the underlying Motion. The Government has opposed both Motions and the Plaintiff has filed Replies to those Oppositions. For the following reasons, both motions will be **granted**.

In the underlying action, Plaintiff, who is the widow of retired Air Force Colonel Jerauld Gentry, sought a remand to the Air Force Board for Correction of Military Records ("AFBCMR") to consider her application to change her deceased husband's Uniformed Services Survivor Benefit Plan records to name her as his designated beneficiary. Plaintiff filed her action under the Administrative Procedure Act, 5 U.S.C. § 701, and obtained an Order from this Court ruling that the Agency had acted arbitrarily and capriciously in denying her application. The case was remanded to the AFBCMR to review whether Plaintiff's application to correct Colonel Gentry's records should be granted. Plaintiff now seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

1.      Plaintiff is clearly the prevailing party in this action. She sought only one remedy, namely, remand to the AFBCMR for reconsideration, and that was the relief she obtained when her Motion for Summary Judgment was granted and Defendant's Motion for Summary Judgment was denied. For this reason, Buckhannon Bd. and Care Home, Inc., et al. v. West Virginia Dept. of Health and Human Resources, et al., 532 U.S. 598 (2001), is totally distinguishable. Buckhannon and its progeny involved factual situations where defendant voluntarily took certain actions favorable to the plaintiff and plaintiff failed to obtain a "court ordered" change in its legal relationship with the defendant. Neither factor is present here. The Agency did not act voluntarily to reconsider Plaintiff's application, and Plaintiff secured a judgment, i.e., a court order, changing the legal relationship between the parties. Because of this Court's Order, the Defendant was required to consider Plaintiff's application and therefore, contrary to her position before filing this lawsuit, she had the opportunity to prevail before the AFBCMR. As our Court of Appeals noted in Thomas v. National Science Foundation, 330 F.3d 486, 494 (D.C. Cir. 2003), the judicial relief required under Buckhannon must entail "some action (or cessation of action) by the defendant that the judgment produces" (citing Buckhannon, 532 U.S. at 606. That is precisely what Plaintiff obtained – judicial relief requiring the Agency to consider her application. See also Role Models America, Inc. v. Brownlee, 353 F.3d 962, 966 (D.C. Cir. 2004); Lynom v. Widnall, 222 F. Supp.2d 1, 4 (D.D.C. 2002).

2.      The next issue to be addressed under the Equal Access to Justice Act is whether Defendant's position was "substantially justified." The test under the case law is one of reasonableness. Role Models America, Inc., id. Here, this Court held that the actions of the Executive Director of the AFBCMR denying Plaintiff's request to correct Colonel Gentry's military

records was "arbitrary and capricious, an abuse of discretion, not based on substantial evidence and otherwise contrary to law under the APA." Mem. Op., July 19, 2004 at 10-11.  While it is true that such a finding does not, in and of itself, mandate the conclusion that the Government's position was not substantially justified, the record in this case fully supports such a conclusion.  In its earlier Opinion, the Court ruled that the Executive Director violated the clear and obvious meaning of the governing statute requiring that correction board decisions be made by "boards of civilians."  Id. at 8.  Therefore, the Executive Director, as a non-civilian, did not have the authority to refuse to consider Plaintiff's application.  The Court also concluded that the AFBCMR had the statutory authority to correct Colonel Gentry's military record, but was prevented from doing so because the Executive Director refused to allow it to consider plaintiff's application.

Defendant relies on the fact that it had obtained a legal opinion justifying the Executive Director's refusal to consider Plaintiff's application.  Apart from the fact that that legal opinion was badly flawed in its reasoning, the Executive Director had already obtained an advisory opinion recognizing that an injustice had occurred and that the records should be corrected.  Given the fact that the statute required that the decision in issue be made by "boards of civilians," and that the Executive Director had already obtained an advisory opinion concluding that Colonel Gentry's records should be corrected, the Court concludes that the Defendant's position was not substantially justified under the EAJA.  See Role Models Am., Inc., 353 F.3d at 967-68.

3.      It is noteworthy that the Defendant has not in its Oppositions to either Motion challenged either the hourly award requested by Plaintiff, or the number of hours Plaintiff's counsel spent on this matter, or the costs incurred.  The Court has independently examined all the supporting data submitted and finds that the hourly award of $147.74 for 2003 and $150 for 2004 are

reasonable, that the 60.2 hours expended on this case are also reasonable, and that the costs of $509.52 are fully justified.

**WHEREFORE**, it is this 31st day of August, 2005, hereby

**ORDERED**, that Plaintiff's Motions for Attorney's Fees and Costs is **granted**; and it is further

**ORDERED**, that Plaintiff's Motion to Supplement Attorney's Fees is **granted**.

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**